Josephine Linker Hart, Justice, dissenting. After consideration of our standard of review, I cannot say the circuit- .court’s finding was clearly erroneous. Therefore, I must dissent. . . To reiterate the majority, our standard of review for matters that sound in equity is de novo on the record with respect to both factual questions and legal questions. Singletary v. Singletary , 2013 Ark. 506, 431 S.W.3d 234. However, it is well settled that we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. Id. In legions of cases this court has opined that for a trial court to be clearly erroneous, despite supporting evidence in the record, the reviewing court must be left with a definite and firm conviction that a mistake has been committed. Id. Further, we give due deference to the superior position of the circuit court to view and judge the credibility of witnesses. Id. This deference -is even.greater in cases involving child custody, -as a heavier burden is placed on the trial judge to use his or her powers of perception in evaluating the witnesses, their testimony, and the best interest of the children. McNutt v. Yates, 2013. Ark. 427, 430 S.W.3d 91. When applying- this standard of review to the case before us, it is clear from the record that the circuit court’s decision was made after careful and thoughtful deliberation. | isAt the conclusion of the hearing on July 11, 2016, the court stated, “There’s three cases that we talked about today that give the Court some direction on what to rule—-or how to rule, and I’m going to take a little time and look at the decisions and then the facts, Til make a decision,” On August 4, 2016, the court entered an eleven-page order explicitly explaining its decision and why it had reached each of its-findings. The details of the order indicate that- the circuit court exercised careful deliberation in evaluating all four witnesses’ testimony and in reaching the conclusion that the Hollandsworth presumption applied and that relocation was in the best interest of the child.[1] Hollandsworth v. Knyzewski, 353 Ark. 470, 109 S.W.3d 653 (2003). Although the appellant argues that the circuit court erred in applying the Hol-landsworth presumption, application of Singletary is correct only “when a change of custody was sought in a joint-custody arrangement.” Singletary, supra.[2] However, as the court noted, “it is unclear whether the parties have ‘joint custody’ as contemplated under Singletary or whether one party enjoys ‘sole ór primary custody’ as contemplated under Hollandsworth.” It was' only after vigilant consideration of the wording of the original agreement, the testimony from the parties about their intentions, and the lengthy testimony |19of all four witnesses regarding the conduct of the parties, that the court reached the decision that the parties did not enjoy true joint custody .as proposed in Singletary. In support of its decision, the court laid out multiple factual findings that made this case distinguishable from Singletary. ⅛ short, the division of time was not 50/50, the original agreement provides for appellant to pay child support, and appellant testified that the phrase “primary physical custody” meant the appellee had the final say on matters, and that phrase was chosen because appellee had B.C. one more day a week than he did. Additionally, testimony showed that appellee enrolled B.C. in private school and paid for the entirety of his tuition, bought the majority of his clothes, paid for all of his haircuts, and took him to all of his doctor’s appointments. Based on these findings, the court applied Hollandsworth and carefully analyzed the five factors before determining that the relocation was in the best interest of B.C. It is important to note that Hol-landsworth and Singletary both lead to the same analysis; the best-interest-of-the-child analysis. Even if, as the majority would suggest, Singletary was applied, there is no evidence in the record that weighs against the circuit court’s finding that relocation is in the best interest of the child. Additionally, the court’s final statement of “frustration” should be considered in our review for reversible error. While the court indicated “the area of relocation law is not clear, and that there, appears to be no bright line test as to when Hollands-worth applies or when Singletary and Jones apply,” the court followed by stating, “As in the present case, and in other cases this Court has heard, the facts dictate which test to use.” While there may be perceived confusion over precedent in like cases, the circuit court clearly articulated its understanding of the law and applied the facts to the law. Its written opinion evidences that lathere is no need for further clarification on the controlling law, and neither a mathematical equation nor a set of dictatorial rules can or should become an easy solution. Ultimately, to do so would eliminate the best interest analysis, which has long been the polestar for issues involving child custody, and relocation matters. Hollandsworth, supra. . Furthermore, the clear findings by the circuit court in this case can only lead to the conclusion that á reviewing court cannot possibly be left with “a definite and firm conviction that a mistake has been made.” I respectfully dissent. Baker and Wynne, JJ., join. . Contrary to the assertions of the concurring opinion, Hollandsworth does nothing more than place the burden on the noncustodial parent to establish that the move is not in the best interest of the child. , When applying Singletary, "the trial court must first determine that a material change in circumstances has transpired from the time of the divorce decree and, then, determine that change of custody is in the best interest of the child.” Singletary, 2013 Ark. 506, 431 S.W.3d 234. Both appellant and appellee stated in their original filings that a material change in circumstances had taken plac.e, i.e, the appel-lee relocating to Houston, Texas, with their minor child; 'however, the circuit court did not expressly make that finding.